UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDER ENTERPRISES, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> MARTINRINGLE, INC., and ) <br> JENTERRA, LLC, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 3:07-CV-1733-G <br><br> **ECF** |

## MEMORANDUM OPINION AND ORDER

This court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Diversity of citizenship is alleged as the basis for subject matter jurisdiction in this case. Complaint ¶ 4. The plaintiff is alleged to be "a Minnesota company," *id*. ¶ 1, which might be a corporation or some other form of business entity. The defendant Martinringle, Inc. is alleged to be "a Texas corporation," *id*. ¶ 2, but its principal place of business is not alleged. *See* 28 U.S.C. § 1332(c)(1). The defendant Jenterra LLC ("Jenterra") is alleged, upon information and belief, to be "a Texas Limited Liability Company." *Id*. ¶ 3.

Generally, the citizenship of artificial entities other than corporations is determined by the citizenship of their members. See *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). This rule applies to limited liability companies such as the defendant Jenterra. *E.g., Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir.), *cert. denied*, __ U.S. __, 127 S. Ct. 582 (2006); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006). Accordingly, without knowing the type of entity that the plaintiff Linder Enterprises is, the principal place of business of the defendant Martinringle, Inc., and the citizenship of the members/owners of the defendant Jenterra, the court cannot determine the citizenship of all the parties and thus whether there is complete diversity of citizenship between the parties.

Within ten days of this date, the plaintiff shall electronically file and serve an amended complaint alleging the type of business entity (e.g., corporation, sole proprietorship, partnership, etc.) the plaintiff Linder Enterprises is. If it is a corporation, its state of incorporation and principal place of business shall be alleged. If it is an entity other than a corporation, the names and citizenship of all its members and/or owners shall be alleged. In addition, the principal place of business of the defendant Martinringle, Inc. shall be alleged, as well as the names and citizenship of all the members/owners of the defendant Jenterra. Failure to timely file

and serve such an amended complaint will result in dismissal of this case, without further notice, for lack of subject matter jurisdiction.

**SO ORDERED**.

October 22, 2007.

                                                A. JOE FISH
                                                CHIEF JUDGE